# Opening of Park Avenue.
## Appeal of Luce Brothers.

1. The viewers appointed by the city council of Meadville to ascertain the damages to properties injured and to assess the contributions to properties benefited in the opening of Park avenue, charged complainants for contribution the sum of $750. This report of the viewers was confirmed by council and complainants acquiesced therein. Appeals were taken by other parties to the Quarter Sessions and various proceedings there resulted in increasing the amount of damages to the properties along the street assessed by the viewers to the extent of $7600. To make the contributions equal to the damages the court below decreed that an addition of about forty per cent. to the amount assessed by the viewers should be charged to the properties originally assessed for contribution. This charge was indiscriminate, without evidence or inquiry, or the aid of any expert in any particular case. *Held*, that this decree was unwarranted by any provisions of the Act of Assembly or any principle of law.

2. It was only by appeal that jurisdiction could be conferred upon the Quarter Sessions, and subject only to an appellant's rights, the confirmation by council was final and conclusive upon all parties.

November 21st 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Certiorari to the Court of Quarter Sessions of *Crawford county* : Of October and November Term 1876, No. 216.

The facts in this case are substantially the same as those contained in case of Huidekoper, *ante*, page 167, with the exception that the complainants here acquiesced in the confirmation by city council of the report of the viewers.

[Opening of Park Avenue. Luce Brothers' Appeal.]

*D. C. McCoy & Son*, for complainants.

*Thomas Roddy*, contra.

Mr. Justice WOODWARD delivered the opinion of the court, January 2d 1877.

The viewers appointed by the city council of Meadville to ascertain the damages sustained by the owners of properties injured by the opening of Park avenue, and to assess for contributions the properties benefited, charged Luce Brothers for contribution with the sum of $750. The report of the viewers was confirmed by the council, and in this the complainants acquiesced. Appeals were taken by other parties to the Court of Quarter Sessions. Various proceedings there resulted in an increase of the amount of damages reported by the viewers to the extent of $7600, and the contributory fund was reduced by striking off the sum of $1950, which had been charged to a property belonging to Mrs. A. E. McClintock. In the final decree the amounts assessed by the viewers as damages, where appeals had not been taken, were left unmodified. The amounts allowed for damages and assessed for contributions which had been investigated in feigned issues or by the court were taken at the results of the investigations. And the entire sum necessary to make the contributions equal to the damages was produced by charging an addition of about forty per cent. to the amount reported by the viewers against the properties originally assessed for contributions, whose owners had not demanded issues. This charge was indiscriminate, without evidence or inquiry, and without even the aid of an expert in any particular case. The assessment against these complainants was raised to $1075.

This decree was unwarranted by any legal rule. With the case of these parties, as well as with the cases of the other parties who acquiesced in the report of the viewers and the confirmation by the city council, the court had nothing to do. By the 15th section of the Act of Assembly of the 6th of April 1870, it was only by appeal that jurisdiction could be conferred. Subject only to an appellant's rights, the confirmation by the council was declared to " be final and conclusive upon all parties." It was " for the final disposition of said appeal" that a day was to be fixed. It was " concerning the amount of said damages and contributions" (that is, the damages an appellant should be unwilling to receive, and the contributions an appellant should be unwilling to pay), that testimony was to be heard and witnesses examined, and which the court could diminish or increase as they should see fit. And it was for the costs of the appeal exclusively that provision was made. Each particular case was to be brought up for a review of the special grounds on which it stood. As to other parties in interest, a

definite and final conclusion had been reached, and over them, under the statute, the court could exercise no possible control.

Even where an appeal was taken and inquiry made into the special question it involved, it has just been held in the case of H. S. and F. W. Huidekoper that a decree affecting all the parties to the proceeding, and resting on a purely arbitrary theory of equitable adjustment, without a decision of the special questions raised, was unwarranted by any provision of the Act of Assembly, or any principle of law.   The action of the court of course could not affect these parties, over whom no shadow of jurisdiction had been acquired.

Decree reversed, at the costs of the appellees.